El Pueblo de Puerto Rico, demandante y apelado, *v.* Adolfo Ruiz, Jr., acusado y apelante.

No. 2456.—*Visto:* Mayo 7, 1925. *Resuelto:* Julio 23, 1925.

1. Derecho Penal—Juicio—Objeciones a las Instrucciones o a la Negativa de Dar Éstas, y Excepciones—Modo de Tomar las Excepciones.—Una excepción especial hecha a las instrucciones dadas al jurado debe ser específica, señalándose en forma precisa y explícita la instrucción o parte de ésta que se intenta impugnar.

2. Derecho Penal—Juicio—Necesidad, Requisitos y Suficiencia de las Instrucciones—Instrucciones Dadas en Tono Fuerte.—Si bien las instrucciones dadas al jurado en un tono o diapasón fuerte son defectuosas en ese particular, no son impropias, sin embargo, cuando de ellas no se infiere nada que implique parcialidad, coacción o amenaza.

3. Derecho Penal—Juicio—Custodia, Proceder y Deliberaciones del Jurado —Ayuda al Jurado para Llegar a un Acuerdo—Instrucciones Adicio-

NALES.—Después que un jurado ha estado deliberando por largo tiempo, la corte puede llamarlo y darle instrucciones adicionales con el fin de que llegue a un acuerdo.

SENTENCIA de *Angel Acosta,* J. (Mayagüez), condenando al acusado por delito de violación. *Confirmada.*

D. *Sepúlveda* y *Genaro Altiery,* abogados del apelante; *José E. Fi-gueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Esta es una apelación contra una sentencia que impuso al acusado Adolfo Ruiz, Jr., la pena de quince años de presidio con trabajos forzados por haber sido declarado convicto por un jurado de un delito de violación.

El apelante señala la comisión de varios errores, pero sustancialmente ellos se refieren a las instrucciones dadas al jurado por el juez inferior.

La vista del caso tuvo lugar el 24 de enero de 1924 y el jurado estuvo deliberando desde ese día hasta el 26 del mismo mes.

El 25 de enero de 1924 el juez preguntó al jurado si habían llegado a un acuerdo, y habiendo contestado el presidente del jurado "que no habían llegado a un acuerdo," dicho juez después de instruir al jurado acerca de lo que dispone el artículo 277 del Código de Enjuiciamiento Criminal y de expresar que en el caso había amplia evidencia para llegar a un acuerdo en pro o en contra del acusado, ordenó que el jurado continuara deliberando.

El 26 de enero de 1924 preguntó nuevamente en corte abierta al jurado si habían podido llegar a un acuerdo, a lo que contestó el presidente "que no habían podido llegar a un acuerdo a pesar de los esfuerzos que todos habían hecho." El juez preguntó entonces al jurado "si necesitaban algunas instrucciones," contestando el presidente del jurado "que no las necesitaban porque las hubieran pedido." No obstante, el juez procedió a dar instrucciones adicionales.

[1] La defensa tomó una excepción general de todas y

cada una de las instrucciones de la corte al jurado y especialmente excepcionó las instrucciones que versaban sobre la prueba que la corte consideró corroborante de la declaración de Virginia García.    Como las instrucciones deben considerarse en su totalidad y cada una se ha de tomar en relación con las demás que tratan de la misma materia y no en fragmentos, la excepción que se alega haberse tomado especialmente en cuanto a la prueba corroborante de la declaración de la ofendida, debió ser más específica, señalándose con precisión y explícitamente aquella instrucción o parte de la misma que se intentaba impugnar, levantando así el punto en cuestión.

Las instrucciones del juez inferior fueron bastante amplias y abarcaron varios extremos relacionados con la prueba de corroboración y las mismas tomadas en conjunto a nuestro juicio expresan propiamente la ley aplicable al caso en particular.    El juez expresamente manifestó al empezar sus instrucciones que de acuerdo con la ley en los juicios por violación el acusado no puede ser convicto por la sola declaración de la mujer agraviada, siendo necesario que su declaración fuese corroborada por otra prueba.    El juez expresó también que tal declaración debió ser corroborada con los elementos esenciales que constituyen el delito y desarrollando esta tesis indicó como primer elemento del delito la edad de la ofendida; segundo, el acto carnal, y aunque esos requisitos no hubieran sido bastantes por sí solos para sostener la condena, el juez se refirió en tercer lugar a la prueba directa y circunstancial que relacionaba al acusado con la comisión del delito, estableciendo entonces la verdadera teoría de la ley, o sea, la corroboración bajo la misma base que la jurisprudencia requiere para la corroboración de la declaración de un cómplice.    No es que sostengamos, sin embargo, que las instrucciones del juez inferior sean perfectas.    El pudo explicar mejor el extremo de la corroboración de la conexión del acusado con la comisión del delito y disipar toda vaguedad en ese punto, pero no se le

llamó expresamente la atención sobre ello y la falta de una instrucción más precisa, si es que fué necesaria, no constituyó. error suficiente para la revocación. La instrucción relativa a la declaración del médico como corroborante del delito, es realmente defectuosa. Este es el fundamento de error en que más insiste el apelante; pero se puede ver claramente que el juez más bien se refirió a la corroboración del acto carnal en ese extremo. Tocaba, pues, al apelante si él quería dejar levantada su objeción a esa instrucción, ya que en general la teoría de la ley había sido explicada correctamente, ser más específico al tomar su excepción. Bajo estas circunstancias aparece más claro el razonamiento de las autoridades que dan los motivos para que las excepciones a las instrucciones en particular sean más específicas. La regla ha sido bien definida. La defensa no debe escudarse tras una excepción que por lo mismo de no puntualizar y ser más explícita, no dió una oportunidad al juez inferior de corregir su error si a su juicio se da cuenta de la falta o error incurrido.

II. Sostiene el apelante que la corte inferior cometió error al dar instrucciones adicionales al jurado por ser oficiosas, amenazadoras y llenas de prejuicios, constituyendo una coacción para los jurados, obligándoles a ponerse de acuerdo en un veredicto condenatorio. También se alega que las instrucciones fueron dadas en un tono violento, propio de una argumentación fiscal e impropio de unas instrucciones al jurado.

[2] Se ha decidido que un juez al dar instrucciones a un jurado no debe indicar por su gesto, tono de voz u otro modo, que él favorece a una u otra parte; y así se comete error cuando se dan instrucciones que llevan en sí una intensa expresión de sentimiento, de tal naturaleza que puedan intervenir seriamente con la calma y consideración imparcial con que el jurado debe examinar los hechos. 14 R. C.L. 765.

Sin que nos detengamos a examinar que sea materia más

o menos fácil descubrir circunstancias que no hemos percibido por nuestros propios sentidos, y aunque el abogado del apelante trató de imitar en el acto de la vista el tono o diapasón en que fueron dadas tales instrucciones por el juez inferior, quizás podríamos llegar a ese conocimiento, a falta de otros medios físicos, de un análisis de las palabras o expresiones que teniendo el carácter de hostiles o parciales pudieran indicar el énfasis con que habían sido emitidas en las instrucciones dadas al jurado. Sin embargo, un examen de las instrucciones de este caso demuestra que si ellas fueron defectuosas en el particular que más arriba ha sido discutido, de las mismas no hemos podido inferir nada que implique parcialidad, coacción o amenaza sino más bien que toda la actuación del juez indica un sentimiento de natural justicia que desde luego si se exagera podía tomar la expresión del *summum jus, summa injuria* de los romanos y ser perjudicial al acusado.

[3] Además, el juez inferior al llamar dos veces sucesivas al jurado *motu proprio* los días 25 y 26 y darle instrucciones adicionales, dicho juez no tuvo otro propósito sino de indagar por qué el jurado no había llegado a un acuerdo e inquirir si existía alguna probabilidad en tal sentido, pero nada dijo que pudiera traslucir una amenaza o coacción para forzar un acuerdo o sugerir qué veredicto debía ser rendido. Asimismo llamó la atención de los gastos en que nuevamente incurriría el gobierno con la celebración de un nuevo juicio, y les incitaba por el largo tiempo que ya había transcurrido que llegaran a un acuerdo en pro o en contra del acusado.

En relación con estas actuaciones de la corte las autoridades dicen lo siguiente:

"Incumbe a la corte, después que el jurado ha estado deliberando por algún tiempo, llamarlo nuevamente a fin de cerciorarse por qué no puede llegar a un acuerdo, e interrogarle respecto a si hay alguna probabilidad de llegar a un acuerdo. Con tal que nada se diga que obligue llegar a un acuerdo, o indique qué veredicto debe rendirse, o que pueda considerarse como una apelación al jurado

para que resuelva el caso de algún modo aun a costa de honradas convicciones, la corte puede dar al jurado ulteriores instrucciones o consejos con el fin de ayudarle a llegar a un acuerdo; puede llamar su atención al tiempo invertido en el juicio y al gran gasto por él incurrido, o en que se incurriría por un nuevo juicio; puede insistir con el jurado en la importancia del caso y urgirle insistentemente que llegue a algún acuerdo; puede preguntarle si alguien ha intervenido en sus deliberaciones o pretendido inmiscuirse en ellas y puede ordenarle que se retire para seguir considerando el caso.'' 16 C. J. p. 1091, párrafo 2562.

Como regla general se tiene resuelto además: que cabe dentro del poder de la corte llamar al jurado para darle instrucciones adicionales cuando en el ejercicio de una propia discreción juzga necesario hacerlo en bien de la justica. 16 C.J. 1087.

Y no podemos decir que la corte inferior no ejerciese propiamente su discreción en el presente caso al llamar como lo hizo al jurado y darle las instrucciones adicionales que hemos examinado.

III. No existe tampoco error fundamental alguno en cuanto a la apreciación que el jurado hizo de la evidencia, pues ella en conjunto sostiene el veredicto.

*Por todo lo expuesto, la sentencia de la corte inferior debe confirmarse.*